FILED
CLERK, U.S. DISTRICT COURT
02/09/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: DVE DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

April 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>FRANK SEUNG NOAH,<br><br>　　　　Defendant. | No. 8:22-cr-00017-JLS<br><br>I N D I C T M E N T<br><br>[26 U.S.C. § 7201: Evasion of Payment of Tax; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 981(a)(1)(C), 26 U.S.C. § 7301, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

COUNT ONE

[26 U.S.C. § 7201]

A.　INTRODUCTORY ALLEGATIONS

　　At times relevant to this Indictment:

　　1.　Defendant FRANK SEUNG NOAH was a resident of Fullerton and Corona, California.

　　2.　J.Y. was defendant NOAH's wife, although defendant NOAH and J.Y. separated in or around December 2015. M.H. was defendant NOAH's girlfriend.

Dealings with Internal Revenue Service

3.  On or about October 5, 2009, defendant NOAH signed and filed a 2008 U.S. Individual Income Tax Return (Form 1040) on behalf of himself and J.Y. with the Internal Revenue Service ("IRS").

4.  On or about April 14, 2010, defendant NOAH signed and filed a 2009 U.S. Individual Income Tax Return (Form 1040) on behalf of himself and J.Y. with the IRS.

5.  On or about October 17, 2011, defendant NOAH signed and filed a 2010 U.S. Individual Income Tax Return (Form 1040) on behalf of himself and J.Y. with the IRS.

6.  From on or about May 2, 2011, and continuing through on or about March 6, 2013, the IRS attempted to audit and assess the tax due and owing by defendant NOAH for the 2008, 2009, and 2010 tax years.

7.  On or about April 4, 2013, the IRS determined that the tax due and owing by defendant NOAH for the 2008, 2009, and 2010 tax years was approximately $1,220,631.94.

8.  On or about October 29, 2014, defendant NOAH signed an agreement with the IRS stipulating that he had a tax deficiency of approximately $1,109,248.80, including penalties but not accrued interest, for the 2008, 2009, and 2010 tax years.

9.  In accordance with defendant NOAH's agreement, on or about March 5 and 6, 2015, the IRS assessed taxes due and owing by defendant NOAH, which included an outstanding tax liability of approximately $1,282,485.48 for defendant NOAH's 2008, 2009, and 2010 tax years, based on penalties and accrued interest.

10. Beginning no later than in or around November 2014, and continuing to in or around March 2017, the IRS actively attempted to collect defendant NOAH's outstanding tax liability, including penalties and interest, which, as of February 2022, was approximately $2,012,618.42.

Entities and Accounts

11. From at least in or around 2004, and continuing through at least in or around 2021, defendant NOAH owned and operated Comis International ("Comis"), which offered customs import brokerage services on behalf of client businesses. Comis was based in Carson and Artesia, California. Defendant NOAH also controlled bank accounts held under Comis's name.

12. From in or around 2007, and continuing through in or around 2019, Comis was a customs import broker for Daiso, a Japanese variety and value store with stores in the United States.

13. On or about July 2, 2013, defendant NOAH opened a business checking account ending in -0615 under the name "Comis International" and a personal checking account ending in -0914 under the name "Frank Seung Noah" at Open Bank. Defendant NOAH was the sole signor on these accounts.

14. On or about December 1, 2016, defendant NOAH caused MPGW International Company, Inc. ("MPGW") to be formed, with defendant NOAH named as the agent on behalf of MPGW for service of legal process. On or about January 18, 2017, defendant NOAH filed a Statement of Information identifying himself as the President of MPGW.

15. On or about January 24, 2017, defendant NOAH opened at Bank of Hope: a business regular checking account ending in -4254 under the name "MPGW International Company Inc dba Comis International"; a business economy checking account ending in -4246 under the name "MPGW International Company Inc dba Comis International"; and a personal checking account ending in -2346 under the name "Frank Seung Noah." Defendant NOAH was the sole signor on these accounts.

16. On or about October 5, 2017, defendant NOAH opened a bank account ending in -0040 at Hanmi Bank under the name "MPGW International Company Inc dba Comis International." Defendant NOAH was the sole signor on this account.

B.  EVASION OF PAYMENT OF TAXES

17. Beginning no later than in or around February 2015, and continuing through at least in or around September 2017, in Orange County, within the Central District of California, and elsewhere, defendant NOAH, a resident of Orange County, California, willfully and affirmatively attempted to evade and defeat the payment of a substantial part of approximately $1,562,684.57 in taxes and additions to taxes then due and owing by defendant NOAH to the United States of America, which had been assessed against defendant NOAH for the calendar years 2008, 2009, and 2010, by committing the following affirmative acts, among others, the likely effect of each of which would be to mislead or conceal defendant NOAH's assets and ability to pay defendant NOAH's outstanding taxes from the IRS:

    a.  Defendant NOAH purchased properties for his own use and placed the title in these properties in M.H.'s name to

conceal defendant NOAH's purchase of and ownership in the properties, including but not limited to the following:

      i.  In or around July 2016 and August 2016, defendant NOAH, using M.H.'s name and bank accounts, purchased a home in Corona, California (the "Corona Property") for $925,000, and caused the title deed to the Corona Property to be under the name M.H.

      ii. In or around June 2017, defendant NOAH, using M.H.'s name, purchased a vacation property in Rancho Mirage, California ("the Rancho Mirage Property") for $265,000, paid a $87,955 deposit via funds wired from the Bank of Hope account ending in -4246, and caused the title deed to the Rancho Mirage Property to be under the name M.H.

    b.  Defendant NOAH made payments to M.H. from bank accounts that defendant NOAH controlled, including Open Bank accounts ending in -0615 and -0914 and Bank of Hope accounts ending in -4254 and -2346, which were in fact for use by defendant NOAH, including but not limited to the following:

      i.  Defendant NOAH used funds transferred to M.H.'s bank account to make mortgage payments for the Corona Property.

      ii. On or about November 22, 2016, and on or about December 19, 2016, defendant NOAH made payments to a country club via funds from M.H.'s bank account.

      iii. On or about September 20, 2017 -- after defendant NOAH received approximately $147,148.83 related to the sale of a property that he owned in Carson, California -- defendant NOAH wrote a check to M.H. for approximately $120,000.

c. Defendant NOAH made false statements and representations and omitted material information in documents submitted to the IRS, including but not limited to the following: On or about September 30, 2016, defendant NOAH caused a Form 656, Offer in Compromise, and a Form 433-A, Collection Information Statement, to be submitted to the IRS, knowing that they contained false information, including the underreporting of his income and assets.

d. Defendant NOAH cashed more than $7 million in checks instead of depositing the funds into his personal or business bank accounts to conceal his control over such funds, including the following:

i. In or around 2014, defendant NOAH used a check-cashing business to cash checks totaling approximately $498,244.

ii. In or around 2015, defendant NOAH used a check-cashing business to cash checks totaling approximately $2,846,337.

iii. In or around 2016, defendant NOAH used a check-cashing business to cash checks totaling approximately $2,564,639.

iv. In or around 2017, defendant NOAH used a check-cashing business to cash checks totaling approximately $1,133,934.

COUNTS TWO THROUGH FOUR

[18 U.S.C. § 1343]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

18.   The Grand Jury incorporates paragraphs 1, 11, 12, 13, 14, 15, and 16 of Count One of this Indictment here.

19.   When a shipment of merchandise reached the United States, the importer of record (*i.e.*, the owner, purchaser, or designated licensed customs broker) was generally required to file entry documents with United States Customs and Border Protection ("CBP") for the goods.  Such merchandise did not legally enter the United States until after the shipment had arrived within the port of entry, CBP authorized delivery of the merchandise, and the importer of record paid estimated duties for the imported merchandise to the United States.

20.   Customs brokers were authorized under United States law to act as agents for importers in the transaction of their customs business.  Customs brokers were private individuals or firms licensed by CBP to prepare and file the necessary customs entries, arrange for the payment of duties, and take steps to effectuate the release of goods from CBP.

B.   THE SCHEME TO DEFRAUD

21.   Beginning on an unknown date, but no later than in or around March 2016, and continuing through at least in or around February 2019, in Orange and Los Angeles Counties, within the Central District of California, and elsewhere, defendant FRANK SEUNG NOAH, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud Daiso as to

7

material matters, and to obtain money and property from Daiso, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

22. The scheme to defraud operated, in substance, as follows:

    a. Defendant NOAH, acting through Comis, would pay customs import duty fees to CBP on behalf of Daiso.

    b. Defendant NOAH would submit invoices to Daiso that fraudulently inflated the customs import duty fee that defendant NOAH had paid to CBP on behalf of Daiso.

    c. As a result of defendant NOAH's scheme, Daiso would pay the inflated invoices by transferring funds into bank accounts controlled by defendant NOAH.

    d. Through the scheme, defendant NOAH fraudulently obtained a total of at least approximately $3,379,774.04 of Daiso's monies, to which defendant NOAH knew he was not entitled.

C. USE OF INTERSTATE WIRES

23. On or about the dates set forth below, in Orange County, within the Central District of California, and elsewhere, defendant NOAH, for the purpose of executing and attempting to execute the above-described scheme to defraud, transmitted and caused the transmission of the following items by means of wire and radio communication in interstate and foreign commerce:

///
///

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| TWO | 02/28/17 | Daiso wired $169,116.42, of which approximately $70,536.03 was a result of inflated invoices, to Comis's Bank of Hope checking account ending in -4246, controlled by defendant NOAH |
| THREE | 09/15/17 | Daiso wired $192,486.32, of which approximately $74,840.49 was a result of inflated invoices, to Comis's Bank of Hope checking account ending in -4246, controlled by defendant NOAH |
| FOUR | 01/31/18 | Daiso wired $150,178.75, of which approximately $69,199.57 was a result of inflated invoices, to Comis's Hanmi Bank checking account ending in -0040, controlled by defendant NOAH |

FORFEITURE ALLEGATION ONE

[26 U.S.C. § 7301 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 7301, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) Any property sold or removed by the defendant in fraud of the internal revenue laws, or with design to avoid payment of such tax, or which was removed, deposited, or concealed, with intent to defraud the United States of such tax or any part thereof;

(b) All property manufactured into property of a kind subject to tax for the purpose of selling such taxable property in fraud of the internal revenue laws, or with design to evade the payment of such tax;

(c) All property whatsoever, in the place or building, or any yard or enclosure, where the property described in subsection (a) or (b) is found, or which is intended to be used in the making of property described in subsection (a), with intent to defraud the United States of tax or any part thereof, on the property described in subsection (a);

    (d) All property used as a container for, or which shall have contained, property described in subsection (a) or (b);

    (e) Any property (including aircraft, vehicles, vessels, or draft animals) used to transport or for the deposit or concealment of property described in subsection (a) or (b), or any property used to transport or for the deposit or concealment of property which is intended to be used in the making or packaging of property described in subsection (a); and

    (f) To the extent that such property is not available for forfeiture, a sum of money equal to the total value of the property described in this paragraph.

  3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in any of Counts Two through Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially

diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL

                                        /S/
                                        _____
                                        Foreperson

TRACY L. WILKISON
United States Attorney

[signature]

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

DANIEL H. AHN
Assistant United States Attorney
Senior Litigation Counsel
Santa Ana Branch Office

DANIEL S. LIM
Assistant United States Attorney
Santa Ana Branch Office

13